UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
NOV - 6 2018
BY
DEPUTY_____

| | | |
|---|---|---|
| THE ESTATE OF TRE ROBERT LEE CLARK, et al<br>PLAINTIFFS | § § § § | |
| VS. | § § | CASE NO. 1:18cv579-mac |
| ORANGE COUNTY TEXAS, et al<br>DEFENDANT | § § § | |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DIBBIOUS LEWIS, in her capacity as the Temporary Administrator of the Estate of Tre Robert Lee Clark, III., and as an individual in her individual capacity; and John Leblanc, Albert Leblanc, Orisha Wilkes, KaSarah Wilkes, Sarah Wilkes Scott, in their individual capacity, who together, by and through their attorney, brings forth this cause of action, and they would show to the Court, the following :

A.

1. DIBBIOIUS LEWIS, acting in her capacity as the Temporary Administrator of the Estate of Tre Robert Lee Clark, Jr., and as an individual, is a resident of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff Dibbioius Lewis;

2. John Leblanc, is a resident of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff John Leblanc;

1

3. Albert Leblanc, is a domiciliary of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff Albert Leblanc;

4. Orisha Wilkes, is a resident of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff Orisha Wilkes;

5. KaSarah Wilkes, is a resident of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff KaSarah Wilkes;

6. Sarah Wilkes Scott, is a resident of Orange County, Texas, and has been at all timed pertinent herein, and who will be hereinafter denoted and referred to as the Plaintiff Sarah Wilkes Scott;

B.

7. The County of Orange is an entity comprised of all of the land in the County of Orange, Texas and all the improvements thereon and the people who live there. The County of Orange is the Defendant at bar, and the Registered Agent for the service of process for the County of Orange is the County Judge of the County of Orange, Texas,

8. The Sheriff of Orange County, Texas is the administrative head of the Sheriff's Department of the County of Orange, Texas. He, as a public office holder, is the individual who should be served in order to serve the office of the Sheriff of Orange, Texas. The Sheriff, is     , and he can be served with process at the Orange County Jail.

C.

9. On or about November 3, 2016, TRE ROBERT LEE CLARK, III., the decedent, hereinafter denoted as the Decedent Clark, was taken in to the effective custody of the Sherriff of Orange County, as a result of a " emergency mental commitment" being issued by the authorities of Orange County, Texas.

10. As a result of that action by the proper authorities, the Decedent Clark was taken to the Medical Center of Southeast Texas, the next entity in the "rotation," as per the rules and regulations of Orange County, Texas.

11. After he was transported to the Medical Center of Southeast Texas, he was released by the medical personnel at that institution, despite the "emergency commitment order" purportedly calling for a period of seventy –two (72) hours for treatment and observation.

12. After being released, the Decedent Clark made his way back to Orange County, Texas.

13. After he made his way back to Orange County, Texas, he was again taken in to custody by officers employed with the City Police of Orange, Texas, on November 4, 2018, and transported to the County Jail of Orange County.

14. After being taken to the County Jail of Orange County, Texas, he was released from that jail, on November 6, 2018.

15. When he was released from custody by the personnel at the County Jail of Orange County, Texas, the entire period of time of this episode, beginning at the time he was taken in to custody of the City Police of Orange, Texas, on November 3, 2018, and when

he was taken in to custody by the City Police of Orange, Texas, on November 4, 2018, was within a thirty (30) hour period, a period of time, far less than seventy-two (72) hours of commitment and confinement in a medical facility, which is the popularly expected period of time for a mental commitment under the authority of an original mental commitment warrant issued by the authorities in Orange County, Texas.

16. After he was released by the County Jail of the Orange County, Texas, he wandered around the City of Orange, Texas.

17. On the morning of November 7, 2016, the Mother of the Decedent Clark, woke up and went outside to greet the morning of the new day. As she stepped out on the carport, her son's body was face down under the carport, because the Decedent Clark had committed suicide by hanging himself on his Mother's carport. This was within a period of time approximating eighty- four (84) hours, after he had originally been taken in to custody, on the mental commitment warrant.

D.

18. The Decedent Clark died from asphyxiation, due to self strangulation.

19. Between the time he placed the noose around his neck and the time that he died, he lived while waiting to die. Self strangulation is an irrational act, but prior to his or her death, the individual realizes that he or she is going to die. That self recognition period, the length of time between when he or she has caused to come about his or her death, is a period of rationality when he or she comes to realize what he or she has done to themselves. In that period of time, the individual recognizes that he or she is going to die and there is nothing that they can do to save themselves.

E.

20. The Mother of the Decedent Clark, Sarah Wilkes Scott, suffered an intense period of mental anguish, heartbreak, and incomprehensible distress when she walked out on to her carport and realized that her son had hung himself. She will endure the aftereffects of that realization for the rest of her life.

21. The Plantiff's John Leblanc, Albert Leblanc, Orisha Wilkes, KaSarah Wilkes, have all had to live with the substantive act of their brother hanging himself. All have suffered mental anguish and extreme mental distress over this fact. All will have to endure the after affects of his death and the manner of his death, the remainder of their lives.

22. DIBBIOIUS LEWIS, has had to live with the substantive act of her brother hanging himself. She has suffered mental anguish and extreme mental distress over this fact. She will have to endure the after affects of his death and the manner of his death, the remainder of her life, and has had to endure these activities associated with this cause of action, when her main goal is to seek the injunctive relief.

23. The Decedent Clark, because of the manner of his death, suffered a period of time where he became aware of his impending death, and thus his Estate has a cause of action due to the mental anguish he suffered prior to his death.

E.

5

24. Under the authority of the 8th and 14\[th\] Amendments of the United States Constitution, all of the above named Plaintiffs possess a cause of action arising out of the death of the Decedent Clark, those being his Mother, brothers and sisters and the Estate of Tre Robert Lee Clark, III.

F.

25. In Texas, a family member may seek to have issued a mental commitment warrant, whereby an individual is taken in to custody, for observation and medical treatment when he or she is a danger to themselves or to others.

It is for a limited period, some seventy two (72) hours. Before he could be taken in to a facility for observation, before he could be treated, he was released. He was released prior to the observation period and before treatment could be completed. He was released because the individuals who were employed to perform those certain duties by the Orange County Sherriff's Office, by direct employment or contract, were improperly trained for the positions that they were employed to occupy, or they performed their duties inadequately. Certain of these employees were contract workers who failed to properly observe and treat the decedent, especially in light of the order of commitment due to him being a risk to himself or others. Regretfully, he was proven to be a high risk to himself. The employees of the Orange County Sherriff's office and by extension the contract employees of either the Sherriff's office or the County failed to properly execute those duties. They did not fail because their purpose was to allow the Decedent Clark to hang himself; they failed because they were deliberately indifferent to their duties,

6

whether a deputy, a jailor, or a contract worker. Their indifference was a violation of their duties that they undertook and were imposed on them when the Decedent Clark was originally placed in to custody.

The rules, regulations, and obligations set out and required by the Orange County employees and contract workers, were violated. Those violations were a violation of the duties imposed by the 8th Amendment to the United States Constitution and Article 1983 of the United States Code .

### G.

26. The damages sought for the violations of the 8th and 14th Amendments and Article 1983 of the United States Code are significant. The death of an individual is not easily measured. A death that could have been avoided and prevented, is both tragic and more easily measured, since the quantification of such by a monetary figure, has, at the minimum, a deterrent effect.

For the damages arising out of the conduct and behavior of the employees and contract workers of the County of Orange, the Plaintiffs seek $250,000.00.

### H.

### INJUNCTIVE RELIEF

28. Further, the Plaintiffs, in the above style and numbered cause seek a judicial order fashioned by the Court requiring the Orange County Sherriff's office, obligating and requiring that the issues raised above result in or cause to be modified the present policies and procedures that regulate the treatment of individuals who have been placed in to the custody of the law enforcement officers, and Orange County, Texas, for their protection and the protection of others be modified so that the actions and proceeding so

that these actions will not reoccur in Orange County, Texas.

I.

The Plaintiffs seek an award of attorney fees.

J.

The Plaintiffs seek an award for their cost of court and expenses of suit.

K.

The Plaintiffs seek an award for both pre and post judgement interest.

PRAYER

WHEREFORE PREMISES CONSIDERED, the Plaintiffs pray that this Court having considered the facts as alleged, the authorities cited, the arguments made, both in law and in equity, award a judgement over and against the County of Orange, Texas, for damages in a sum greater than $250,000, the injunctive release sought, attorney fees, costs of court and expenses of suit, both pre and post judgement interest, and for such other and further relief as the Court believes is just and right.

Respectfully submitted,

Peter F. Doyle Jr.
2901 Turtle Creek Drive Suite 105
Port Arthur, Texas 77642
(409)727-7141
Email:pfdoylejratty@gmail.com
SB No:06096050
Attorney for the Plaintiffs